UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                              CR. NO. 04-10386-NG

DARRYL DEVAUGHN

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Darryl DeVaughn, by his attorney, submits that a just and reasonable sentence for this offense is a three year term of imprisonment concurrent with the sentence he is now serving in the Commonwealth of Massachusetts.

The presentence report informs this Court that while this indictment was pending, and while Mr. DeVaughn was on pre-trial release/home confinement, on May 21, 2006, he violated the terms of release by removing his electronic monitoring bracelet.  On June 14, 2006 Mr. DeVaughn was apprehended by a joint force of United States Marshals and Boston police officers.  That arrest resulted in state criminal charges against Mr. DeVaughn and his detention in state custody, rather than being returned to federal pre-trial detention.  The state prosecution ended on April 27, 2007 with a guilty plea and sentence of imprisonment for a term of 3-4 years.

Mr. DeVaughn was represented by undersigned counsel in federal proceedings, and a second appointed counsel in state proceedings. Both counsel endeavored to resolve the federal case prior to the state case to increase the likelihood that Mr. DeVaughn would not serve more than the five year statutory maximum facing him in federal court.  This did not happen.  State court proceedings then pending against Mr. DeVaughn included probation violations with likely house of correction sentencing, and state indictments with likely state imprisonment.  The state system moved against Mr. DeVaughn more quickly than his counsel preferred and on April 27, 2007 he began serving a 3-4 year state prison sentence.

Why should it matter? Both counsel believed that a term of federal imprisonment was a firm and reasonable sentence for all matters then pending against Mr. DeVaughn. A maximum of five years federal imprisonment would have removed Mr. DeVaughn from the familiarity of Massachusetts, would have been sufficient punishment for the crimes and would have enabled Mr. DeVaughn the opportunity to be law abiding going forward from the age of about 33, a time when most young men turn away from a criminal lifestyle. Mr. DeVaughn's prior offenses were committed at ages 17, 18 and 23.

In *Gall v. United States,* 552 U.S. –, 2007 WL 4292116 (Dec. 10, 2007), the advisory nature of the sentencing guidelines was underscored and the viability of individualized reasonable sentencing was firmly re-established. Further support for the suggested sentence is found in *Kimbrough v. United States*, 552 U.S. ___, 2007 WL 4292040 (Dec. 10, 2007), that a district court's judgment that a particular sentence is "sufficient, but not greater than necessary" is entitled to great weight, even if the district court's judgment is based on its disagreement with the policies behind the applicable guideline.

Mr. DeVaughn presents the rare scenario where the statutory maximum sentence, five years, is the guideline range because it is below the range which would apply if the offense carried a longer maximum sentence. Thus, the operative question truly is what is a reasonable sentence.

Mr. DeVaughn submits that the 3-4 year term of imprisonment imposed in the state systems is a reasonable sentence. Had Mr. DeVaughn been first sentenced in the federal system, it is likely that the state sentence would have been imposed to run concurrent with the federal sentence. In consultation with the probation officer, it seems that in the event this Court sentences a term of imprisonment concurrent with the state sentence Mr. DeVaughn is serving,

the Bureau of Prisons will deem the starting date of the federal sentence to be February 6, 2008 and will not credit any time that Mr. DeVaughn has served on his state sentence to his federal sentence.

Review of Mr. DeVaughn's most recent state court sentencing is found in paragraphs 41 and 43 of the PSR. On January 10, 2007 Mr. DeVaughn began serving an 18 month house of correction sentence for violating terms of probation initially imposed on September 25, 2003. Mr. DeVaughn was credited 296 days against the 18 month (549 day) sentence, leaving 253 days to serve to complete the sentence. On April 27, 2007 Mr. DeVaughn began serving 3-4 year state prison sentence, with no credit for time served. In effect, Mr. DeVaughn lost credit he was due.[1]

Mr. DeVaughn submits that his suggested sentence properly considers the statutory sentencing factors set forth in Title 18, U.S.C. § 3553(a):

1) the nature and circumstances of the offense and the history and characteristics of the defendant.

2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[1] On information and belief the state prison sentence was "forthwith" and thus "wiped out" the house of correction sentence after approximately 107 days.

3) the kinds of sentences available;

4) the kinds of sentencing and the sentencing range established for:

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the sentencing Commission…;

5) any pertinent policy statement issued by the Sentencing Commission…;

6) the need to avoid unwarranted sentence disparities among Defendant's with similar records who have been found guilty of similar conduct; and

7) the need to provide restitution to any victims of the offense.

There are also unusual or extraordinary scheduling factors which weigh in favor of fashioning this sentence to account for scheduling delay. While Mr. DeVaughn pled guilty to this indictment on September 12, 2007, the Rule 11 hearing would likely have been scheduled earlier but for the fact that his counsel was out of state during the months of June, July and August in connection with personal medical issues. Additionally, sentencing has been delayed slightly to accommodate scheduling of both counsel. The Bureau of Prisons will not award credit against this federal sentence from September 12 through February 6, 2008.

CONCLUSION:

A sentence of three years concurrent with the state prison sentence Mr. DeVaughn is now serving is sufficient and not greater than necessary, will fairly account for unusual reasons for delay in disposition, and will permit Mr. DeVaughn to re-enter society at age 33 when he is likely to have matured to the point where he will not re-offend.

                                      DARRYL DEVAUGHN
                                      By his attorney,

                                      /s/ Elliot M. Weinstein
                                      Elliot M. Weinstein
                                      BBO #520400
                                      83 Atlantic Avenue
                                      Boston, MA 02110
February 4, 2008                 617-367-9334